IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BLACKSTONE DEVELOPERS, LLC** | § § § | |
| **Plaintiff,** | § § | |
| vs. | § § | CIVIL ACTION NO. _____ |
| **LIBERTY MUTUAL INSURANCE,** | § § | |
| **Defendant.** | § § § § | |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446(a) and Local Rule CV-81(a), Defendant Ohio Security Insurance Company ("Defendant"), incorrectly served and sued as "Liberty Mutual Insurance,"[1] files this *Notice of Removal*, hereby removing this action from the 40th Judicial District Court of Ellis County, Texas to the United States District Court for the Northern District of Texas, Dallas Division. Removal is based on diversity jurisdiction because there is complete diversity between Plaintiff Blackstone Developers, LLC ("Plaintiff") and Defendant, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

## I.
## INTRODUCTION

This dispute arises out of a claim for alleged storm-related damage to property located at 205 S. Main Street, Red Oak, Texas 75154 (the "Property"). Among other

---

[1] "Liberty Mutual Insurance" is not a legal entity. However, even if Plaintiff intended to sue "Liberty Mutual Insurance Company," diversity would still be proper, since Liberty Mutual Insruance Company is a corporation organized under the laws of the State of Massachusetts with its principal place of business in Boston, Massachusetts. Liberty Mutual Insurance Company is NOT the correct defendant, as it did not issue the applicable policy of insurance – Ohio Security Insurance Company did.

**DEFENDANT'S NOTICE OF REMOVAL**                                                                 **PAGE 1**

causes of action, Plaintiff alleges that Defendant breached a policy of insurance and violated certain provisions of the TEXAS INSURANCE CODE and DECEPTEIVE TRADE PRACTICES ACT ("DTPA") by, among other things, failing to pay Plaintiff's claim for storm-related damages.

On February 25, 2015, Plaintiff filed its Original Petition in the 40th Judicial District Court of Ellis County, Texas against Defendant. Defendant was served with a citation and a copy of Plaintiff's Original Petition on or about March 9, 2015. Defendant timely filed an answer to Plaintiff's Original Petition on March 25, 2015. This Notice of Removal is being filed within thirty (30) days of service of the Petition on Defendant and is thus timely filed under 28 U.S.C. § 1446(b). As explained below, removal is proper in this case because there is complete diversity of citizenship between Plaintiff and Defendant, and it is apparent from the documents filed with Plaintiff's Original Petition that the amount in controversy exceeds $75,000.00.

## II.
## BASIS FOR REMOVAL

**A.   DIVERSITY OF CITIZENSHIP**

Removal is proper because there is complete diversity between the parties. *See* 28 U.S.C. § 1332(a). Plaintiff has alleged in its Original Petition that it is a resident of the State of Texas. Defendant is a corporation organized under the laws of the State of New Hampshire with its principal place of business in Boston, Massachusetts. Accordingly, Defendant is a New Hampshire and/or Massachusetts citizen for diversity purposes.

The right to remove depends upon the plaintiff's pleading at the time of the petition for removal, *i.e.*, Plaintiff's Original Petition. *Pullman Co. v. Jenkins*, 305 U.S. 534, 537-38 (1939); *Cavallini v. State Farm Mutual Auto Ins.*, 44 F.3d 256, 264 (5th Cir.

1995); *Dalton v. State Farm Lloyd's, Inc.*, 2013 U.S. Dist. LEXIS 86490 (S.D. Tex. June 19, 2013). A defendant may remove a state court civil action only "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Upon Plaintiff's own admission, it is a Texas citizen. Defendant is a citizen of New Hampshire and/or Massachusetts. Accordingly, complete diversity of citizenship exists between the parties.

**B.   AMOUNT IN CONTROVERSY**

Generally, the amount in controversy for purposes of establishing federal jurisdiction should be determined by the plaintiff's complaint. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411-12 (5th Cir. 1995). Where the plaintiff has not made a specific monetary demand and it is not facially apparent from the plaintiff's original petition that the amount in controversy exceeds $75,000.00, the defendant has the burden to prove that the amount in controversy exceeds the jurisdictional amount. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

A defendant can satisfy this requirement if "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth summary judgment type evidence of facts in controversy that support a finding of the requisite amount." *Manguno*, 276 F.3d at 723 (internal quotations omitted). Where a defendant has met its burden, remand is proper only if the plaintiff can show that it is "legally certain that his recovery will not exceed" the jurisdictional amount. *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 387 (5th Cir. 2009).

1. **Plaintiff's Original Petition**

Plaintiff's Original Petition includes causes of action against Defendant for (1) negligence; (2) breach of contract; (3) violations of the DTPA; (4) violations of the Texas Insurance Code; (5) breach of the common law duty of good faith and fair dealing; (6) breach of fiduciary duty; (7) unfair insurance practices; (8) misrepresentation; and (9) common law fraud for negligent misrepresentation.  Based on these causes of action, Plaintiff has indicated on the Civil Case Information Sheet filed concurrently with its Original Petition that Plaintiff seeks damages over $200,000 but not more than $1,000,000.00.

2. **Plaintiff's Claim for Attorneys' Fees**

Furthermore, if a state statute provides for attorneys' fees, such fees are included as part of the amount in controversy.  *Foret v. Southern Farm Bureau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir. 1990); see also 14A C. Wright & A. Miller, FEDERAL PRACTICE & PROCEDURE § 3712, at 176 (2d ed. 1985).  Here, Plaintiff seeks attorneys' fees.  *See* Plaintiff's Original Petition at ¶ 71.  Therefore, the amount in controversy in this case clearly exceeds $75,000.00.

### III.
### COMPLIANCE WITH PROCEDURAL REQUIREMENTS

As required by Local Rule 8.1(a), filed concurrently with this Notice of Removal is a completed civil cover sheet, supplemental civil case cover sheet and a signed Certificate of Interested Persons that complies with LR 3.1(c).  Additionally, the following exhibits are attached:

- **EXHIBIT A**   Index of all documents filed in the state court action;
- **EXHIBIT B**: Register of Actions in the state court action; and

- **EXHIBITS C–1 through C-2**: A copy of each document filed in the state court action.

## IV.
## REQUEST FOR RELIEF

Based on the foregoing, Defendant Ohio Security Insurance Company, incorrectly sued as "Liberty Mutual Insurance," respectfully requests that the above-captioned action now pending in the District Court, 40th Judicial District, Ellis County, Texas be removed to the United States District Court for the Northern District of Texas, Dallas Division. Defendant further requests all such other and further relief to which it may be entitled.

Respectfully submitted,

*/s/ Mark D. Tillman*
MARK D. TILLMAN
State Bar No. 00794742
COLIN BATCHELOR
State Bar No. 24043545

**TILLMAN BATCHELOR LLP**
1320 Greenway Drive, Suite 830
Irving, Texas 75038
Telephone: (214) 492-5720
Facsimile: (214) 492-5721
Email: mark.tillman@tb-llp.com
colin.batchelor@tb-llp.com

**ATTORNEYS FOR DEFENDANT OHIO SECURITY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of Defendants' Notice of Removal has been forwarded to Plaintiff's counsel of record, as identified below, via electronic means and/or facsimile, on the 8th day of April 2015 in accordance with the Federal Rules of Civil Procedure.

Scott Hunziker
SBN 24032446
THE VOSS LAW CENTER
26619 Interstate 45 South
The Woodlands, Texas 77380
Telephone:  (713) 861-0015
Facsimile:   (713) 861-0021
scott@vosslawfirm.com

                                                                                */s/ Mark D. Tillman*
                                                                                MARK D. TILLMAN