# THE STATE OF TEXAS
## COUNTY OF ELLIS
### CAUSE NO: 91080
# CITATION



**TO:**   **LIBERTY MUTUAL INSURANCE**
**REG AGENT, CT CORPORATION SYSTEM**
**211 E. 7TH ST, STE 620**
**AUSTIN, TX 78701**

Defendant, in the hereinafter styled and numbered cause: 91080

You are hereby commanded to appear before 40TH JUDICIAL DISTRICT COURT of ELLIS COUNTY, TEXAS to be held at the courthouse of said county in the City of Waxahachie, County of Ellis County, Texas, by filing a written answer to the petition of Plaintiff at or before 10:00 A.M. of the Monday next after the expiration of 20 days after the date of service hereof, a copy of which accompanies this citation, in cause number 91080 styled

**BLACKSTONE DEVELOPERS, LLC**
**VS.**
**LIBERTY MUTUAL INSURANCE**

Filed in said court on the 02/25/2015

The name and address of the attorney for plaintiff, or the address of the plaintiff is: SCOTT G HUNZIKER, 26619 I 45 SOUTH , THE WOODLANDS, TX 77380.

**NOTICE TO DEFENDANT:** "You have been sued. You may employ an attorney. If you or your attorneys do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of 20 days after you were served this citation and petition, a Default Judgment may be taken against you."

WITNESS: Melanie Reed, District Clerk of the District Court of Ellis County, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT AT COUNTY OF ELLIS, TEXAS, ON THIS THE 3rd day of March, 2015.

**Melanie Reed, District Clerk**
**109 S. Jackson Street Rm. 209**
**Waxahachie, TX 75165**

**SEAL**

By _____
Mary Hinds, Deputy

EXHIBIT C-1

## CITATION BY CERTIFIED MAIL

THE STATE OF TEXAS                                    COUNTY OF DENTON

### CAUSE NO. 15-01941-431

**TO: Liberty Insurance Corporation, by serving its registered agent, Corporation Service Company, 211 E. 7th Street, Ste. 620, Austin, TX 78701 (or wherever he/she may be found)**

Notice to defendant: You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the first Monday following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  The nature of the suit is fully shown by a true and correct copy of the Plaintiff's Original Petition accompanying this citation and made a part hereof.

| | |
|---|---|
| Court: | 431st Judicial District Court<br>1450 E, McKinney, 2nd Floor, Denton, TX 76209 |
| Cause No.: | 15-01941-431 |
| Date of Filing: | 03/11/2015 |
| Document: | Plaintiff's Original Petition |
| Parties in Suit: | Raina Williams; Liberty Insurance Corporation; Christopher Bedsworth |
| Clerk: | Sherri Adelstein, District Clerk<br>1450 E. McKinney, Suite 1200, Denton, TX 76209 |
| Party or Party's Attorney: | Richard D. Daly<br>2211 Norfolk St., Suite 800<br>Houston, Texas 77098 |

    Issued under my hand and seal of this said court on this the 12th day of March, 2015

                                    Sherri Adelstein, District Clerk
                                    Denton, Denton County, Texas

                                    _Cameron Welter_____, Deputy
                                    Cameron Welter

CERTIFIED A TRUE AND CORRECT COPY
OF THE ORIGINAL ON FILE IN MY OFFICE
SHERRI ADELSTEIN
DENTON COUNTY DISTRICT CLERK
By:_____ Deputy Clerk
4-8-15
Date



## UNITED STATES
## POSTAL SERVICE®

FILED

AT_____O'CLOCK____M

MAR 1 8 2015

DISTRICT CLERK
Denton County, Texas

BY:_____ DEPUTY

Date: March 17, 2015

MAIL MAIL:

The following is in response to your March 17, 2015 request for delivery information on your Certified Mail™/RRE item number 92148901066154000052405248. The delivery record shows that this item was delivered on March 16, 2015 at 11:16 am in AUSTIN, TX 78701. The scanned image of the recipient information is provided below.

Signature of Recipient :



Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal representative.

CERTIFIED A TRUE AND CORRECT COPY
OF THE ORIGINAL ON FILE IN MY OFFICE

SHERRI ADELSTEIN

DENTON COUNTY DISTRICT CLERK

Sincerely,
United States Postal Service

4-8-15
Date

By:_____ Deputy Clerk

The customer reference information shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

15-01941-431
CORPORATION SERVICE COMPANY
LIBERTY INSURANCE CORPORATION
211 E 7TH ST STE 620
AUSTIN TX 78701-3218

# Cause No. <u>15-01941-431</u>

Style:  Raina Williams
vs
Liberty Insurance Corporation and Christopher Bedsworth

## <u>RETURN OF CITATION BY CERTIFIED MAIL</u>

     Came to hand on 3/12/2015 at 2:00 p.m. and I hereby certify that on 3/12/2015, I mailed to **Liberty Insurance Corporation, by serving its registered agent, Corporation Service Company, 211 E. 7th Street, Ste. 620, Austin, TX 78701** by registered mail or certified mail, signature confirmation requested, a true copy of this citation with a copy of the Plaintiff's Original Petition attached thereto.

Restricted Delivery:   No

Sherri Adelstein, District Clerk
Denton County, Texas
1450 E. McKinney, Suite 1200, Denton, TX 76209
PO Box 2146, Denton, TX 76202

Cameron Welter, Deputy

Service Fee: <u>$30.00</u>
CERTIFIED MAIL NO.:  <u>9214 8901 0661 5400 0052 4052 48</u>

Signed for on: ____<u>3|16|15</u>____

By: _____

Attach tracking history or signature receipt.

CERTIFIED A TRUE AND CORRECT COPY
OF THE ORIGINAL ON FILE IN MY OFFICE
SHERRI ADELSTEIN
DENTON COUNTY DISTRICT CLERK
4-8-15        By: _____
Date                          Deputy Clerk

SHERRI ADELSTEIN
DENTON COUNTY DISTRICT CLERK
PO BOX 2146
DENTON, TX 76202-2146



**Return Receipt (Electronic)**

9214 8901 0661 5400 0052 4052 48

**15-01941-431**

CORPORATION SERVICE COMPANY
LIBERTY INSURANCE CORPORATION
211 E 7TH ST STE 620
AUSTIN, TX 78701-3218

............................................................ CUT/FOLD HERE ............................................................

............................................................ SEAL ENVELOPE HERE ............................................................
............................................................ CUT/FOLD HERE ............................................................

............................................................ CUT/FOLD HERE ............................................................



COPY

Ellis County - District Clerk

Filed 2/25/2015 8:29:40 AM
Melanie Reed
District Clerk
Ellis County, Texas

CAUSE NO. ___91080___

| | | |
|---|---|---|
| BLACKSTONE DEVELOPERS, LLC, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| | § | |
| vs. | § | ELLIS COUNTY, TEXAS |
| | § | |
| LIBERTY MUTUAL INSURANCE, | § | 40TH JUDICIAL DISTRICT |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW Blackstone Developers, LLC (hereinafter "Plaintiff"), and complains of Liberty Mutual Insurance (hereinafter "Liberty Mutual"). In support of its claims and causes of action, Plaintiff would respectfully show the Court as follows:

### DISCOVERY LEVEL

1.      Plaintiff intends for discovery to be conducted at Level 2, pursuant to Rule 190 of the Texas Rules of Civil Procedure.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction to hear Plaintiff's claims under Texas common law and Texas statutory law. Inarguably, the amount in controversy exceeds the minimum jurisdictional limits of this Court. Venue is also proper, as all or a substantial part of the events giving rise to this suit occurred within the city of Red Oak, in Ellis County, Texas.

### PARTIES

3.      Plaintiff is an individual whose residence is located in Ellis County, 205 S. Main St., Red Oak, Texas.


**UNITED STATES**
**POSTAL SERVICE**

FILED
AT_____O'CLOCK____M

MAR 1 8 2015

DISTRICT CLERK
Denton County, Texas
BY:_____DEPUTY

Date: March 17, 2015

MAIL MAIL:

The following is in response to your March 17, 2015 request for delivery information on your Certified Mail™/RRE item number 92148901066154000052405248. The delivery record shows that this item was delivered on March 16, 2015 at 11:16 am in AUSTIN, TX 78701. The scanned image of the recipient information is provided below.

Signature of Recipient :



Address of Recipient :



Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,
United States Postal Service

CERTIFIED A TRUE AND CORRECT COPY
OF THE ORIGINAL ON FILE IN MY OFFICE

SHERRI ADELSTEIN

DENTON COUNTY DISTRICT CLERK

4-8-15
Date      By:_____ Deputy Clerk

The customer reference information shown below is not validated or endorsed by the United States Postal Service.  It is solely for customer use.

15-01941-431
CORPORATION SERVICE COMPANY
LIBERTY INSURANCE CORPORATION
211 E 7TH ST STE 620
AUSTIN TX 78701-3218

## Cause No. <u>15-01941-431</u>

Style:  Raina Williams
vs
Liberty Insurance Corporation and Christopher Bedsworth

### <u>RETURN OF CITATION BY CERTIFIED MAIL</u>

Came to hand on 3/12/2015 at 2:00 p.m. and I hereby certify that on 3/12/2015, I mailed to **Liberty Insurance Corporation, by serving its registered agent, Corporation Service Company, 211 E. 7ᵗʰ Street, Ste. 620, Austin, TX 78701** by registered mail or certified mail, signature confirmation requested, a true copy of this citation with a copy of the Plaintiff's Original Petition attached thereto.

Restricted Delivery:   No

Sherri Adelstein, District Clerk
Denton County, Texas
1450 E. McKinney, Suite 1200, Denton, TX 76209
PO Box 2146, Denton, TX 76202

Cameron Welter, Deputy

Service Fee: $30.00
CERTIFIED MAIL NO.:  9214 8901 0661 5400 0052 4052 48

Signed for on:  _3|16|15_____

By: _____

Attach tracking history or signature receipt.

CERTIFIED A TRUE AND CORRECT COPY
OF THE ORIGINAL ON FILE IN MY OFFICE
SHERRI ADELSTEIN
DENTON COUNTY DISTRICT CLERK
4-8-15   By: _____
Date                          Deputy Clerk

SHERRI ADELSTEIN
DENTON COUNTY DISTRICT CLERK
PO BOX 2146
DENTON, TX 76202-2146



**Return Receipt (Electronic)**

9214 8901 0661 5400 0052 4052 48

**15-01941-431**
CORPORATION SERVICE COMPANY
LIBERTY INSURANCE CORPORATION
211 E 7TH ST STE 620
AUSTIN, TX 78701-3218

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - CUT / FOLD HERE - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - SEAL ENVELOPE HERE - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - CUT / FOLD HERE - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - CUT / FOLD HERE - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -



4.      Liberty Mutual Insurance is a company engaged in the business of adjusting insurance claims. This includes Plaintiff's insurance policy which is at issue in the present case. Liberty Mutual may be served with Citation and a copy of this Petition, by serving it through its Registered Agent, Corporation Service Company, 211 East 7th Street, Ste. 620, Austin, Texas 78701or wherever it may be found.

## BACKGROUND

5.      This matter revolves largely around a first party insurance dispute regarding the extent of damages and amount of loss suffered to the Plaintiff's Property, which is located at , 205 S. Main St., Red Oak, Texas (the "Property"). In addition to seeking economic and penalty based damages from Liberty Mutual, Plaintiff also seeks compensation from Liberty Mutual for damages caused by improperly investigating the extensive losses associated with this case.

6.      Plaintiff owns the Property.

7.      Prior to the occurrence in question, Plaintiff purchased a commercial insurance policy from Liberty Mutual to cover the Property at issue in this case for a loss due to storm-related events.   Plaintiff's Property suffered storm-related damage. Through its commercial policy, BKS558545081, Plaintiff was objectively insured for the subject loss by Defendant.

8.      On or around May 12, 2014, the Property suffered incredible damage due to storm related conditions.

9.      In the aftermath, Plaintiff relied on Liberty Mutual to help begin the rebuilding process. By and through its commercial policy, Plaintiff was objectively insured for the subject losses in this matter.

10.     Pursuant to its obligation as a policyholder, Plaintiff made complete payment of all commercial insurance premiums in a timely fashion. Moreover, its commercial policy covered Plaintiff during the time period in question.

11.     Despite Plaintiff's efforts, Liberty Mutual continually failed and refused to pay Plaintiff in accordance with its promises under the Policy.

12.     Moreover, Liberty Mutual has failed to make any reasonable attempt to settle Plaintiff's claims in a fair manner, although its liability to the Plaintiff under the policy is without dispute.

13.     In the months following, Plaintiff provided information to Liberty Mutual, as well as provided opportunities for Liberty Mutual to inspect the Property. However, Liberty Mutual failed to conduct a fair investigation into the damage to the Property. Moreover, Liberty Mutual failed to properly inspect the Property and its related damages, failed to properly request information, failed to properly investigate the claim, failed to timely evaluate the claim, failed to timely estimate the claim, and failed to timely and properly report and make recommendations in regard to Plaintiff's claims.

14.     Despite Liberty Mutual's improprieties, Plaintiff continued to provide information regarding the losses and the related claim to Liberty Mutual. Further, Plaintiff made inquiries regarding the status of the losses, and payments. Regardless, Liberty Mutual failed and refused to respond to the inquiries, and failed to properly adjust the claim and the losses. As a result, to this date, Plaintiff has not received proper payment for its claim, even though notification was provided.

15.     Liberty Mutual has failed to explain the reasons for failing to offer adequate compensation for the damage to the Property. Liberty Mutual has furthermore failed to offer

Plaintiff adequate compensation without any explanation why full payment was not being made. Liberty Mutual did not communicate that any future settlements or payments would be forthcoming to pay the entire losses covered under the policy.

16.    Liberty Mutual has further failed to affirm or deny coverage within a reasonable time.  Plaintiff also did not receive timely indication of acceptance or rejection regarding the full and entire claim in writing from Liberty Mutual in a timely manner.

17.    Liberty Mutual has, to date, refused to fully compensate Plaintiff under the terms of the policy for which Plaintiff paid, even though it was Liberty Mutual that failed to conduct a reasonable investigation.  Ultimately, Liberty Mutual performed a result-oriented investigation of Plaintiff's claim that resulted in an unfair, biased and inequitable evaluation of Plaintiff's losses.

18.    Liberty Mutual has failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claims within the time period mandated by statute.

19.    As a result of the above issues, Plaintiff did not receive the coverage for which it had originally contracted with Liberty Mutual.  Unfortunately, Plaintiff has, therefore, been forced to file this suit in order to recover damages arising from the above conduct, as well as overall from the unfair refusal to pay insurance benefits.

20.    In addition, Liberty Mutual has failed to place adequate and proper coverage for Plaintiff causing Plaintiff to suffer further damages.  As indicated below, Plaintiff seeks relief under the common law, the Deceptive Trade Practices-Consumer Protection Act and the Texas Insurance Code.

## CONDITIONS PRECEDENT

21.     All conditions precedent to recovery by Plaintiff has been met or has occurred.

## AGENCY

22.     All acts by Liberty Mutual were undertaken and completed by its officers, agents, servants, employees, and/or representatives. Such were either done with the full authorization or ratification of Liberty Mutual and/or were completed in its normal and routine course and scope of employment with Liberty Mutual.

## CLAIMS AGAINST DEFENDANT

23.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

### A.
### NEGLIGENCE

24.     Liberty Mutual had and owed a legal duty to Plaintiff to properly adjust the structural and property damage and other insurance losses associated with the Property.  Liberty Mutual breached this duty in a number of ways, including but not limited to the following:

  a.   Liberty Mutual was to exercise due care in adjusting and paying policy proceeds regarding Plaintiff's Property loss;

  b.   Liberty Mutual had a duty to competently and completely handle and pay all damages associated with Plaintiff's Property; and/or

  c.   Liberty Mutual failed to properly complete all adjusting activities associated with Plaintiff.

25.     Liberty Mutual's acts, omissions, and/or breaches did great damage to Plaintiff, and were a proximate cause of Plaintiff's damages.

**B.**
**BREACH OF CONTRACT**

26.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

27.     According to the policy that Plaintiff purchased, Liberty Mutual had the absolute duty to investigate Plaintiff's damages, and to pay Plaintiff's policy benefits for the claims made due to the extensive storm-related damages.

28.     As a result of the storm-related event, Plaintiff suffered extreme external and internal damages.

29.     Despite objective evidence of such damages, Liberty Mutual has breached its contractual obligations under the subject insurance policy by failing to pay Plaintiff benefits relating to the cost to properly repair Plaintiff's Property, as well as for related losses.  As a result of this breach, Plaintiff has suffered actual and consequential damages.

**C.**
**VIOLATIONS OF TEXAS DECEPTIVE TRADE**
**PRACTICES ACT AND TIE-IN-STATUTES**

30.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

31.     Liberty Mutual's collective actions constitute violations of the DTPA, including but not limited to, Sections 17.46(b) (12), (14), (20), (24), and Section 17.50(a) (4) of the Texas Business & Commerce Code.   Liberty Mutual collectively engaged in false, misleading, or deceptive acts or practices that included, but were not limited to:

   a.     Representing that an agreement confers or involves rights, remedies, or
          obligations which it does not have or involve, or which are prohibited by
          law;

---

b.  Misrepresenting the authority of a salesman, representative, or agent to negotiate the final terms of a consumer transaction;

c.  Failing to disclose information concerning goods or services which were known at the time of the transaction, and the failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had such information been disclosed;

d.  Using or employing an act or practice in violation of the Texas Insurance Code;

e.  Unreasonably delaying the investigation, adjustment and resolution of Plaintiff's claim;

f.  Failure to properly investigate Plaintiff's claim; and/or

g.  Hiring and relying upon a biased engineer and/or adjuster to obtain a favorable, result-oriented report to assist Liberty Mutual in low-balling and/or denying Plaintiff's damage claim.

32.     As described in this Original Petition, Liberty Mutual represented to Plaintiff that its insurance policy and Liberty Mutual's adjusting and investigative services had characteristics or benefits that it actually did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(5) of the DTPA.

33.     As described in this Original Petition, Liberty Mutual represented to Plaintiff that its insurance policy and Liberty Mutual's adjusting and investigative services were of a particular standard, quality, or grade when they were of another, which stands in violation of Section 17.46 (b)(7) of the DTPA.

34.     By representing that Liberty Mutual would pay the entire amount needed by Plaintiff to repair the damages caused by the storm-related event and then not doing so, Liberty Mutual has violated Sections 17.46 (b)(5), (7) and (12) of the DTPA.

35.     Liberty Mutual has breached an express warranty that the damage caused by the storm-related event would be covered under the subject insurance policies.  This breach entitles Plaintiff to recover under Sections 17.46 (b) (12) and (20) and 17.50 (a) (2) of the DTPA.

36.     Liberty Mutual's actions, as described herein, are unconscionable in that it took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Liberty Mutual's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a) (3) of the DTPA.

37.     Liberty Mutual's conduct, acts, omissions, and failures, as described in this Original Petition, are unfair practices in the business of insurance in violation of Section 17.50 (a) (4) of the DTPA.

38.     Plaintiff is a consumer, as defined under the DTPA, and relied upon these false, misleading, or deceptive acts or practices made by Liberty Mutual to its detriment.  As a direct and proximate result of Liberty Mutual's collective acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff now sues.  All of the above-described acts, omissions, and failures of Liberty Mutual are a producing cause of Plaintiff's damages that are described in this Original Petition.

39.     Because Liberty Mutual's collective actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages, for Liberty Mutual having knowingly committed its conduct. Additionally, Plaintiff is ultimately entitled to recover damages in an amount not to exceed three times the amount of mental anguish and actual damages due to Liberty Mutual having intentionally committed such conduct.

40.     As a result of Liberty Mutual's unconscionable, misleading, and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on its behalf. Accordingly, Plaintiff also seeks to recover its costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code, as well as any other such damages to which Plaintiff may show itself to be justly entitled at law and in equity.

### D.
### VIOLATIONS OF TEXAS INSURANCE CODE

41.     Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

42.     Liberty Mutual's actions constitute violations of the Texas Insurance Code, including but not limited to, Article 21.21 Sections 4(10) (a) (ii), (iv), and (viii) (codified as Section 541.060), Article 21.21 Section 11(e) (codified as Section 541.061), and Article 21.55 Section 3(f) (codified as Section 542.058). Specifically, Liberty Mutual engaged in certain unfair or deceptive acts or practices that include, but are not limited to the following:

a.     Failing to attempt, in good faith, to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

b.     Failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim;

c.     Refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

d.     Forcing Plaintiff to file suit to recover amounts due under the policy by refusing to pay all benefits due;

> e.   Misrepresenting an insurance policy by failing to disclose any matter required by law to be disclosed, including a failure to make such disclosure in accordance with another provision of this code; and/or
>
> f.   Failing to pay a valid claim after receiving all reasonably requested and required items from the claimant.

43.   Plaintiff is the insured or beneficiary of a claim which was apparently valid as a result of the unauthorized acts of Liberty Mutual, and Plaintiff relied upon these unfair or deceptive acts or practices by Liberty Mutual to its detriment.   Accordingly, Liberty Mutual became the insurer of Plaintiff.

44.   As a direct and proximate result of Liberty Mutual's acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which it now sues.

45.   Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because Liberty Mutual's actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional damages in an amount not to exceed three times the amount of actual damages, for Liberty Mutual having knowingly committed such conduct.  Additionally, Plaintiff is entitled to recover damages in an amount not to exceed three times the amount of mental and actual damages for Liberty Mutual having intentionally committed such conduct.

46.   As a result of Liberty Mutual's unfair and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on its behalf.  Accordingly, Plaintiff also seeks to recover its costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code or Article 21.21 Section 16(b) (1) (codified as Section 541.152) of the Texas

Insurance Code and any other such damages to which Plaintiff may show itself justly entitled by law and in equity.

## E.
## BREACH OF THE COMMON-LAW DUTY
## OF GOOD FAITH AND FAIR DEALING

47.   Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

48.   By its acts, omissions, failures and conduct, Liberty Mutual has breached its common law duty of good faith and fair dealing by denying Plaintiff's claims or inadequately adjusting and making an offer on Plaintiff's claims without any reasonable basis, and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial.

49.   Liberty Mutual has also breached this duty by unreasonably delaying payment of Plaintiff's entire claims and by failing to settle Plaintiff's claims, as Liberty Mutual knew or should have known that it was reasonably clear that Plaintiff's storm-related claims were covered.  These acts, omissions, failures, and conduct by Liberty Mutual is a proximate cause of Plaintiff's damages.

## F.
## BREACH OF FIDUCIARY DUTY

50.   Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

51.   Liberty Mutual had a fiduciary relationship, or in the alternative, a relationship of trust and confidence with Plaintiff.  As a result, Liberty Mutual owed a duty of good faith and fair dealing to Plaintiff. Liberty Mutual breached that fiduciary in that:

a.  The transaction was not fair and equitable to Plaintiff;

b.  Liberty Mutual did not make reasonable use of the confidence that Plaintiff placed upon it;

c.  Liberty Mutual did not act in the utmost good faith and did not exercise the most scrupulous honesty toward Plaintiff;

d.  Liberty Mutual did not place the interests of Plaintiff before its own, and Liberty Mutual used the advantage of its position to gain a benefit for itself, at Plaintiff's expense;

e.  Liberty Mutual placed itself in a position where its self-interest might conflict with its obligations as a fiduciary; and/or

f.  Liberty Mutual did not fully and fairly disclose all important information to Plaintiff concerning the sale of the policy.

52.   Liberty Mutual is liable for Plaintiff's damages for breach of fiduciary duty, as such damages were objectively caused by Liberty Mutual's conduct.

## G.
## UNFAIR INSURANCE PRACTICES

53.   Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

54.   Plaintiff has satisfied all conditions precedent to bringing these causes of action. By its acts, omissions, failures, and conduct, Liberty Mutual has engaged in unfair and deceptive acts or practices in the business of insurance in violation of Chapter 541 of the Texas Insurance Code.

55.   Such violations include, without limitation, all the conduct described in this Original Petition, plus Liberty Mutual's failure to properly investigate Plaintiff's claim. Plaintiff also includes Liberty Mutual's unreasonable delays in the investigation, adjustment, and

resolution of Plaintiff's claims and Liberty Mutual's failure to pay for the proper repair of Plaintiff's Property, as to which Liberty Mutual's liability had become reasonably clear.

56.     Additional violations include Liberty Mutual's hiring of and reliance upon biased adjusters and/or engineers to obtain favorable, result-oriented reports to assist it in low-balling and denying Plaintiff's storm-related damage and related claims.   Plaintiff further includes Liberty Mutual's failure to look for coverage and give Plaintiff the benefit of the doubt, as well as Liberty Mutual's misrepresentations of coverage under the subject insurance policy. Specifically, Liberty Mutual is also guilty of the following unfair insurance practices:

   a.     Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

   b.     Engaging in unfair claims settlement practices;

   c.     Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

   d.     Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiffs' claims as to which Liberty Mutual's liability had become reasonably clear;

   e.     Failing to affirm or deny coverage of Plaintiff's claims within a reasonable time and failing within a reasonable time to submit a reservation of rights letter to Plaintiff;

   f.     Refusing to pay Plaintiff's claims without conducting a reasonable investigation with respect to the claims; and/or

   g.     Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy, in relation to the facts or applicable law, for the denial of a claim or for the offer of a compromise settlement.

57.     Liberty Mutual has also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing. Liberty Mutual's conduct as described herein has resulted in Plaintiff's damages that are described in this Original Petition.

**H.**
**MISREPRESENTATION**

58.     Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

59.     Liberty Mutual is liable to Plaintiff under the theories of intentional misrepresentation, or in the alternative, negligent misrepresentation. Essentially, Liberty Mutual did not inform Plaintiff of certain exclusions in the policy. Misrepresentations were made with the intention that they should be relied upon and acted upon by Plaintiff who relied on the misrepresentations to its detriment. As a result, Plaintiff has suffered damages, including but not limited to loss of the Property, loss of use of the Property, mental anguish and attorney's fees. Liberty Mutual is liable for these actual consequential and penalty-based damages.

**I.**
**COMMON-LAW FRAUD BY NEGLIGENT MISREPRESENTATION**

60.     Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

61.     Plaintiff would show that Liberty Mutual perpetrated fraud by misrepresentation (either intentionally or negligently) by falsely representing a fact of materiality to Plaintiff, who relied upon such representations that ultimately resulted in its injuries and damages. Alternatively, Liberty Mutual fraudulently concealed material facts from Plaintiff, the result of which caused damage to Plaintiff as a result of the storm-related damages.

62.     Specifically, and as a proximate cause and result of this fraudulent concealment, fraud and negligent misrepresentation, all of which was perpetrated without the knowledge or consent of Plaintiff, Plaintiff has sustained damages far in excess of the minimum jurisdictional limits of this Court.

63.     By reason of Plaintiff's reliance on Liberty Mutual fraudulent representations, negligent misrepresentations and/or fraudulent concealment of material facts as described in this complaint, Plaintiff has suffered actual damages for which he now sues.

64.     Plaintiff further alleges that because Liberty Mutual knew that the misrepresentations made to Plaintiff were false at the time they were made, such misrepresentations are fraudulent, negligent or grossly negligent on the part of Liberty Mutual, and constitute conduct for which the law allows the imposition of exemplary damages.

65.     In this regard, Plaintiff will show that it has incurred significant litigation expenses, including attorneys' fees, in the investigation and prosecution of this action.

66.     Accordingly, Plaintiff requests that penalty damages be awarded against Liberty Mutual in a sum in excess of the minimum jurisdictional limits of this Court.

### WAIVER AND ESTOPPEL

67.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

68.     Liberty Mutual has waived and is estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters to Plaintiff.

### DAMAGES

69.     Liberty Mutual's acts have been the producing and/or proximate cause of damage to Plaintiff, and Plaintiff seeks an amount in excess of the minimum jurisdictional limits of this Court.

### ADDITIONAL DAMAGES & PENALTIES

70.    Liberty Mutual's conduct was committed knowingly and intentionally. Accordingly, Liberty Mutual is liable for additional damages under the DTPA, section 17.50(b) (1), as well as all operative provisions of the Texas Insurance Code.  Plaintiff is, thus, clearly entitled to the 18% damages allowed by the Texas Insurance Code.

### ATTORNEY FEES

71.    In addition, Plaintiff is entitled to all reasonable and necessary attorneys' fees pursuant to the Texas Insurance Code, DTPA, and sections 38.001-.005 of the Civil Practice and Remedies Code.

### JURY DEMAND

72.    Plaintiff demands a jury trial and tenders the appropriate fee with this Original Petition.

### REQUEST FOR DISCLOSURE

73.    Pursuant to the Texas Rules of Civil Procedure, Plaintiff requests that Liberty Mutual disclose all information and/or material as required by Rule 194.2, paragraphs (a) through (l), and to do so within 50 days of this request.

### REQUEST FOR PRODUCTION

75.    Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following Requests for Production.

1.    Please produce Liberty Mutual's complete claim files from the home, regional, local offices, and third party adjusters/adjusting firms regarding the claim that is the subject of this matter, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file for the premises relating to or arising out of Plaintiff's underlying claim.

2.    Please produce the underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

3.    Please produce certified copy of the insurance policy pertaining to the claim involved in this suit.

4.    Please produce the electronic diary, including the electronic and paper notes made by Liberty Mutual's claims personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiff's claims.

5.    Please produce all emails and other forms of communication by and between all parties in this matter relating to the underlying event, claim or the Property, which is the subject of this suit.

6.    Please produce the adjusting reports, estimates and appraisals prepared concerning Plaintiffs' underlying claim.

7.    Please produce the field notes, measurements and file maintained by the adjuster(s) and engineers who physically inspected the subject Property.

8.    Please produce the emails, instant messages and internal correspondence pertaining to Plaintiff's underlying claim(s).

9.    Please produce the videotapes, photographs and recordings of Plaintiff or Plaintiff's home, regardless of whether Liberty Mutual intend to offer these items into evidence at trial.

## INTERROGATORIES

76.    Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following

Interrogatories.

1.    Please identify any person Liberty Mutual expect to call to testify at the time of trial.

2.    Please identify the persons involved in the investigation and handling of Plaintiff's claim for insurance benefits arising from damage relating to the underlying event, claim or the Property, which is the subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

3.    If Liberty Mutual or Liberty Mutual's representatives performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by Liberty Mutual or any of Liberty Mutual's representatives

with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

4.     Please identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of Liberty Mutual's investigation.

5.     Please state the following concerning notice of claim and timing of payment:

      a.     The date and manner in which Liberty Mutual received notice of the claim;

      b.     The date and manner in which Liberty Mutual acknowledged receipt of the claim;

      c.     The date and manner in which Liberty Mutual commenced investigation of the claim;

      d.     The date and manner in which Liberty Mutual requested from the claimant all items, statements, and forms that Liberty Mutual reasonably believed, at the time, would be required from the claimant; and

      e.     The date and manner in which Liberty Mutual notified the  claimant in writing of the acceptance or rejection of the claim.

6.     Please identify by date, amount and reason, the insurance proceed payments made by Defendant, or on Defendant's behalf, to the Plaintiff.

7.     Has Plaintiff's claim for insurance benefits been rejected or denied? If so, state the reasons for rejecting/denying the claim.

8.     When was the date Liberty Mutual anticipated litigation?

9.     Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claim for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe Liberty Mutual's document retention policy.

10.   Does Liberty Mutual contend that the insured premises was damaged by storm-related events and/or any excluded peril?   If so, state the general factual basis for this contention.

11.   Does Liberty Mutual contend that any act or omission by the Plaintiff voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual basis for this contention.

12. Does Liberty Mutual contend that the Plaintiff failed to satisfy any condition precedent or covenant of the policy in any way? If so, state the general factual basis for this contention.

13. How is the performance of the adjuster(s) involved in handling Plaintiff's claim evaluated? State the following:

      a.    what performance measures are used; and
      b.    describe Liberty Mutual's bonus or incentive plan for adjusters.

## CONCLUSION

77. Plaintiff prays that judgment be entered against Liberty Mutual Insurance, and that Plaintiff be awarded all of its actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays it be awarded all such relief to which it is due as a result of the acts of Liberty Mutual Insurance, and for all such other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**THE VOSS LAW FIRM, P.C.**


/s/ *Scott G. Hunziker*

Scott G. Hunziker
State Bar No. 24032446
The Voss Law Center
26619 Interstate 45 South
The Woodlands, Texas 77380
Telephone:  (713) 861-0015
Facsimile:  (713) 861-0021
scott@vosslawfirm.com
**ATTORNEYS FOR PLAINTIFF**

## CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____   COURT *(FOR CLERK USE ONLY):* _____

STYLED: **BLACKSTONE DEVELOPERS, LLC V. LIBERTY MUTUAL INSURANCE**

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name: <br><br> Scott Hunziker | Email: <br><br> scott@vosslawfirm.com | Plaintiff(s)/Petitioner(s): <br><br> BLACKSTONE DEVELOPERS, LLC | Attorney for Plaintiff/Petitioner <br> *Pro Se* Plaintiff/Petitioner <br> Title IV-D Agency <br> Other: _____ |
| Address: <br><br> 26619 Interstate 45 | Telephone: <br><br> (713) 861-0015 | Defendant(s)/Respondent(s): <br><br> LIBERTY MUTUAL INSURANCE | Additional Parties in Child Support Case: <br><br> Custodial Parent: |
| City/State/Zip: <br><br> The Woodlands, TX 77380 | Fax: <br><br> (713) 861-0021 | *[Attach additional page as necessary to list all parties]* | Non-Custodial Parent: |
| Signature: <br><br> *[signature]* | State Bar No: <br><br> 24032446 | | Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case (select only 1):**

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract* <br>   Consumer/DTPA <br>   Debt/Contract <br>   Fraud/Misrepresentation <br>   Other Debt/Contract: <br>   **XXX Breach of Contract** <br> *Foreclosure* <br>   Home Equity—Expedited <br>   Other Foreclosure <br> Franchise <br> Insurance <br> Landlord/Tenant <br> Non-Competition <br> Partnership <br> Other Contract: | Assault/Battery <br> Construction <br> Defamation <br> *Malpractice* <br>   Accounting <br>   Legal <br>   Medical <br>   Other Professional <br>     Liability: <br><br> Motor Vehicle Accident <br> Premises <br> *Product Liability* <br>   Asbestos/Silica <br>   Other Product Liability <br>     List Product: <br><br> Other Injury or Damage: | Eminent Domain/ <br>   Condemnation <br> Partition <br> Quiet Title <br> Trespass to Try Title <br> Other Property: <br> _____ | Annulment <br> Declare Marriage Void <br> *Divorce* <br>   With Children <br>   No Children | Enforcement <br> Modification—Custody <br> Modification—Other |
| | | | | **Title IV-D** |
| | | | | Enforcement/Modification <br> Paternity <br> Reciprocals (UIFSA) <br> Support Order |
| | | **Related to Criminal Matters** | **Other Family Law** | **Parent-Child Relationship** |
| | | Expunction <br> Judgment Nisi <br> Non-Disclosure <br> Seizure/Forfeiture <br> Writ of Habeas Corpus— <br>   Pre-indictment <br> Other: _____ | Enforce Foreign <br>   Judgment <br> Habeas Corpus <br> Name Change <br> Protective Order <br> Removal of Disabilities <br>   of Minority <br> Other: _____ | Adoption/Adoption with <br>   Termination <br> Child Protection <br> Child Support <br> Custody or Visitation <br> Gestational Parenting <br> Grandparent Access <br> Parentage/Paternity <br> Termination of Parental <br>   Rights <br> Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| Discrimination <br> Retaliation <br> Termination <br> Workers' Compensation <br> Other Employment: | Administrative Appeal <br> Antitrust/Unfair <br>   Competition <br> Code Violations <br> Foreign Judgment <br> Intellectual Property | Lawyer Discipline <br> Perpetuate Testimony <br> Securities/Stock <br> Tortious Interference <br> Other: | | |

| Tax | Probate & Mental Health | |
|---|---|---|
| Tax Appraisal <br> Tax Delinquency <br> Other Tax | *Probate/Wills/Intestate Administration* <br>   Dependent Administration <br>   Independent Administration <br>   Other Estate Proceedings | Guardianship—Adult <br> Guardianship—Minor <br> Mental Health <br> Other: _____ |

**3. Indicate procedure or remedy, if applicable (may select more than 1):**

| | | |
|---|---|---|
| Appeal from Municipal or Justice Court <br> Arbitration-related <br> Attachment <br> Bill of Review <br> Certiorari <br> Class Action | Declaratory Judgment <br> Garnishment <br> Interpleader <br> License <br> Mandamus <br> Post-judgment | Prejudgment Remedy <br> Protective Order <br> Receiver <br> Sequestration <br> Temporary Restraining Order/Injunction <br> Turnover |

**4. Indicate damages sought (do not select if it is a family law case):**
Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
Less than $100,000 and non-monetary relief
$100, 000 but not more than $200,000
**XXX** $200,000 but not more than $1,000,000
Over $1,000,000.

MELANIE REED
ELLIS COUNTY DISTRICT CLERK
109 SOUTH JACKSON
WAXAHACHIE, TX 75165
972-825-5091



CERTIFIED MAIL™

7014 0510 0002 3589 0937

LIBERTY MUTUAL INSURANCE
91080, CM#70140510000235890937
REG AGENT, CT CORPORATION SYSTEM
211 E. 7TH STREET, STE 620
AUSTIN, TX 78701